IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EDRALIN VILLEZA, | CIV. NO. 05-00043 JMS/BMK |
| Plaintiff, | |
| vs. | |
| UNITED STATES OF AMERICA; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; NON-PROFIT ORGANIZATIONS 1-10; AND DOE GOVERNMENTAL AGENCIES 1-10, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE |
| Defendants. | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND DENYING DEFENDANT'S MOTION TO STRIKE

The United States has moved to dismiss Plaintiff Edralin Villeza's claims for slander and intentional infliction of emotional distress ("IIED") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Hawaii Revised Statutes ("HRS") § 634F-2. The United States argues that this court lacks jurisdiction to decide Villeza's claims because Villeza failed to bring his claims before the appropriate federal agency as required by the Federal Tort Claims Act

("FTCA") and because the United States has not waived its sovereign immunity with respect to claims for slander.  The United States also argues that the court should strike Villeza's claims pursuant to HRS § 634F, Hawaii's anti-SLAPP (strategic litigation against public participation) legislation.  Villeza contends that the FTCA does not apply because his claims are against Lawrence Castillo, a government employee, for a statement Castillo allegedly made outside the scope of his employment with the United States Navy.  Villeza also argues that he has not brought a SLAPP suit and therefore the court should not strike his claims pursuant to HRS § 634F.

   For the reasons stated herein, the court finds that Castillo was acting within the scope of his employment when he made the statement at issue in this case and that the FTCA applies to Villeza's claims.  Because the FTCA bars Villeza's claims, the court GRANTS the United States' motion to dismiss Villeza's claims for slander and IIED.  The court also concludes that Villeza has not brought a SLAPP suit and therefore it DENIES the United States' motion to strike pursuant to HRS § 634F.

### I. BACKGROUND

   On July 27, 2004, Villeza filed a complaint against Castillo in the Circuit Court of the First Circuit, State of Hawaii.  In the complaint, Villeza

alleged that Castillo made false statements to various individuals regarding a July 29, 2002 incident in which Castillo was struck on the back of his head or neck by a bag while on the job at Pearl Harbor Navy Shipyard located in Honolulu, Hawaii. Villeza contends that on July 29, 2002, he accidently hit Castillo with a light bag containing dirty rags. Villeza alleges that Castillo has since told numerous people that Villeza intentionally threw a heavy tool bag that struck Castillo's head. The complaint alleges that Castillo made false statements regarding the bag incident "to the United States Navy, its employees, persons associated with Plaintiff's place of employment and others[.]" In his opposition to the United States' Motion to Dismiss, Villeza specifies that by "others," he means that Castillo also told his personal doctor that someone intentionally threw a tool bag at Castillo's head.[1]

Pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(2), the Attorney General or his designee certified that Castillo was acting within the scope of his employment when he made the statements forming the basis of Villeza's law suit. The United States contends that Castillo made most of the alleged statements at

---

[1] Villeza argues that this statement to Castillo's personal physician was the only statement made outside the scope of employment. The United States maintains, and Villeza does not dispute, that Castillo did not use Villeza's name when Castillo described in the incident to his doctor.

the workplace in compliance with mandatory procedures for reporting workplace injuries. Following the scope-of-employment certification, the United States was substituted as the defendant in this action and the case was removed to federal court. The United States then moved to dismiss Villeza's claims as barred by the FTCA.

Villeza conceded in his Opposition to the United States' Motion to dismiss that the FTCA would bar his claims against the United States, but argued that his suit was against Castillo, not the United States, for a statement that Castillo made outside the scope of his employment. The United States did not file a reply and did not address this argument.

The court heard argument on the United States' motion on October 24, 2005. Because the parties agreed that the FTCA bars Villeza's claims against the United States, leaving the scope-of-employment determination as the primary issue in dispute, the court stated at the hearing that it would treat Villeza's Memorandum in Opposition to the United States' Motion to Dismiss as a motion challenging the scope-of-employment determination. The court instructed the parties to brief the scope-of-employment issue and has received briefing from both parties. In response to the court's request, the United States argues that Castillo's statement outside of work to his personal physician was within the scope of his

employment because it was specifically authorized under Navy Regulations and by a Navy Medical Officer. Villeza argues that the statement to the private physician falls outside the scope of Castillo's employment at Pearl Harbor.

## II.  LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or attack the existence of subject matter jurisdiction in fact. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). In evaluating a factual attack on jurisdiction, as in this case, the court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment, and the court need not presume the truthfulness of the plaintiff's allegations. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted). Villeza has the burden of proving that this court has subject matter jurisdiction. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").

## III.  ANALYSIS

**A.  Scope of Employment**

The court must determine whether the United States erred in

certifying that Castillo was acting within the scope of employment when he made the statements at issue in this case. Though Castillo made a number of statements concerning the incident while at work, Villeza's scope-of-employment argument focuses exclusively on the statement Castillo made to his private physician. At the October 24, 2005 hearing, Villeza's attorney confirmed that he was challenging the government's certification of Castillo's statement to his doctor, not the statements Castillo made at work. The court therefore will address only whether Castillo's statement to his personal doctor was within the scope of his employment.

When a plaintiff brings a tort action against an employee of the federal government, the Attorney General or his or her designee may certify that the employee was acting within scope of employment when the alleged tort was committed. 28 U.S.C. § 2679(d)(2). Upon certification, the United States is substituted as the defendant and the suit converts to an action against the United States under the FTCA. *Id.* If the plaintiff originally filed suit in state court, the Attorney General removes the action to federal court. *Id.*

This court may review a scope-of-employment certification. *Guitierrez de Martinez v. Lamagno*, 515 U.S. 421 (1995). Certification is prima facie evidence that the employee, in this case Castillo, was acting within the scope

of employment when the alleged incident occurred. *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995). Villeza argues that Castillo was not acting within the scope of his employment when he made statement to his private physician. Villeza bears the burden of producing evidence that proves, by a preponderance of the evidence, that Castillo was not acting within the scope of his employment. *Id.*

The court looks to Hawaii's law on respondeat superior to determine whether Castillo was acting within the scope of employment when he made the statement in question. *Clamor v. United States*, 240 F.3d 1215, 1217 (9th Cir. 2001). The Hawaii Supreme Court applies the Restatement (Second) of Agency § 228 to determine what conduct is in the scope of employment. *Henderson v. Prof'l Coating Corp.*, 72 Haw. 387, 392, 819 P.2d 84, 88 (1991). Under the Restatement:

> Conduct of the servant is within the scope of employment if, but only if:
>
> (a) it is of the kind he is employed to perform;
> (b) it occurs substantially within the authorized time and space limits; [and]
> (c) it is actuated, at least in part, by a purpose to serve the master[.]
> . . . .
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

Whether an employee was acting within the scope of employment will often turn on the extent to which the employee was acting solely to serve him or herself. *See Bergeron v. Henderson*, 47 F. Supp. 2d 61, 66 (D. Maine 1999) ("[A]ctions that are done with a private, rather than a work-related, purpose to commit wrongdoing are outside the scope of employment and render the motivation of the employee, in performing the act at issue a crucial, immunity-related fact."). In interpreting the purpose prong of the Restatement test, a court recently noted that "the District of Columbia's formulation of this test 'excludes from the scope of employment all actions committed solely for [the servant's] own purposes.'" *Hutchins v. Andrews*, No. 05-938, 2005 WL 1902842, at *3 (D.D.C. 2005) quoting *Stokes v. Cross*, 327 F.3d 1210, 1216 (D.C. Cir. 2003). This interpretation is consistent with the language of § 228 of the Restatement, which requires that an employee's conduct be motivated "at least in part, by a purpose to serve the master." Thus, a partially selfish motivation does not, by itself, render an employee's conduct outside the scope of employment.[2]

In support of his argument that Castillo was not acting within the scope of his employment, Villeza submitted a portion of a deposition in which

---

[2] Further, "an act may be within the scope of employment although consciously criminal or tortious." Restatement (Second) of Agency § 231.

Castillo states that he visited his private doctor the day after the bag incident and that he told his doctor someone threw a tool bag weighing 20-25 pounds at his head.  Villeza argues that Castillo made this statement to his doctor in order to obtain false diagnoses of "neck sprain" and "cerebral contusion."  Villeza contends that these diagnoses bolstered Castillo's defamatory assertion that Villeza intentionally threw a tool bag at Castillo's head.  Villeza points out that Castillo's statement to his private doctor took place during Castillo's off-work hours and at a location outside of the workplace.  Additionally, Villeza argues that the statement was unrelated to Castillo's employment and did not serve his employer.

   The United States contends that Castillo's statement to his personal physician concerning a workplace injury was within the scope of employment.  Castillo was injured during normal working hours while on duty aboard a vessel of the United States.  Local Navy regulations require employees injured while on duty to follow certain procedures.  The applicable regulations require an employee who suffers a traumatic injury to notify his or her immediate supervisor of the injury as quickly as possible.  NAVSHIPYDPEARLINST 12810.1B at 9.  The supervisor then fills out a Dispensary Permit and sends the employee to the Navy Medical Clinic.  *Id.*  The regulations specifically authorize the employee to see a

personal physician. *Id.*

Castillo reported his injury to his supervisor. His supervisor then filled out a Dispensary Permit as required by the regulations and Castillo went to the Navy Medical Clinic for diagnosis and treatment. In the portion of the Dispensary Permit entitled "MEDICAL OFFICER'S REPORT," the medical officer indicated that Castillo should "see own physician as necessary" in the box labeled "REMARKS/DIAGNOSIS." The day after the injury occurred, Castillo went to see his personal doctor and described to his doctor how the injury occurred.

Villeza has failed to prove by a preponderance of the evidence that Castillo was acting outside the scope of his employment when he made the alleged statement to his physician. In particular, he has failed to prove that Castillo's actions were committed solely for his own purposes. Viewing the evidence in the light most favorable to Villeza, the evidence shows that Castillo acted, at least in part, with a purpose to serve the Navy.

It is undisputed that a bag hit the back of Castillo's head while he was on duty. Castillo followed the required Navy procedures and, in compliance with instructions from a Navy Medical Officer, met with and made a statement to his

personal doctor regarding the incident.[3] Assuming that Villeza is correct that Castillo exaggerated his injury in an effort to defame Villeza,[4] Castillo's statement to his doctor was still within the scope of his employment. Because Castillo was hit in the head and then followed Navy procedure in response to this incident, Villeza has not proven, and the court cannot find, that Castillo was acting solely for his own purposes when he made the statement to his personal doctor. The statement was not "different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master" such that it falls outside the scope of employment. Restatement (Second) of Agency § 228.

        Because Villeza has not met his burden to demonstrate that the government erred in certifying Castillo's statement to his physician and because Villeza does not challenge the scope-of-employment certification with respect to

---

[3] While the court assumes the truth of Villeza's allegations for the purpose of this motion, it notes that Castillo did not even mention Villeza by name when he made the statement at issue to his physician. A Merit Systems Protection Board decision, referred to by both parties in their briefs, quotes from the private physician notes as follows: "Hit on back of R side of head by bag of bolts (working) nuts & tools - - thrown by another person. ?? bad HA [headache?] & ringing of R ear and pain in R eye. Nose bleed? getting up middle of night. Headache."

[4] In his complaint at paragraph 14, Villeza claims that "Castillo falsely told his private family physician Dr. Tsai that another person (referring to Plaintiff) threw a bag of tools at him, which hit Castillo in the head, and as a result of Castillo's fabricated history his physician drew erroneous conclusions as to Castillo's medical diagnosis of 'neck sprain' and 'cerebral concussion.'"

Castillo's other statements, the court concludes that the United States was properly substituted as the defendant in this action.

**B.     FTCA**

The FTCA bars Villeza's claims for slander and IIED against the United States. First, the court lacks subject matter jurisdiction over both of Villeza's claims because Villeza has not presented his claims to the appropriate federal agency. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency[.]"); *Jerves v. United States*, 966 F.2d 517 (9th Cir. 1992) ("A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency[.]"). Villeza acknowledges his failure to exhaust but argues that his claims are really against Castillo, not the United States, and therefore the FTCA does not apply. As discussed above, however, Castillo was acting within the scope of his employment with the United States Navy at the time he made the alleged statements and the United States was appropriately substituted as the defendant in this action. The court therefore lacks jurisdiction over Villeza's slander and IIED claims because Villeza has not exhausted these claims as required by the FTCA.

Second, the United States has not waived its immunity with respect to

claims for slander. 28 U.S.C. § 2680(h). Villeza also acknowledges this point but argues that his claim is really against Castillo. Again, the United States was properly substituted as the defendant in this action. Even if Villeza had exhausted his slander claim as required by the FTCA, the court would dismiss this claim because the United States has not waived its sovereign immunity

**C.     Anti-SLAPP**

HRS § 634F provides an expedited remedy to frivolous lawsuits designed to chill public participation in government. Section 634F-2 allows a defendant to move to dismiss a suit upon a prima facie showing that the action is a SLAPP lawsuit. The statutes defines "SLAPP," an acronym for "strategic lawsuit against public participation," as "a lawsuit that lacks substantial justification or is interposed for delay or harassment and that is solely based on the party's public participation before a governmental body." HRS § 634F-1. The prevailing party on an anti-SLAPP motion is entitled to dismissal of the other party's claims as well as costs and attorney's fees. HRS § 634F-2(8).

The United States argues that Villeza has brought a SLAPP suit. It argues that Villeza's claims "lack[] substantial justification" because it is clear that

the FTCA bars claims for slander against the United States.[5]  However, Villeza originally brought suit against Castillo, not the United States.  Once the United States was substituted as the defendant in this action, Villeza challenged the Westfall Act certification, arguing that Castillo made the defamatory statement outside the scope of his employment with the Navy.  The United States did not argue the scope-of-employment issue until the court requested briefing on the matter.  If Castillo in fact made the statement outside the scope of employment, the FTCA would not bar Villeza's slander claim against Castillo.  The court does not find that the FTCA bar on slander claims against the United States renders Villeza's lawsuit lacking in "substantial justification" simply because the court ultimately upheld the Westfall Act certification.

Additionally, the United States seems to argue that Villeza's suit was "interposed for delay or harassment."  The United States points to the fact that Villeza bypassed the administrative procedures required by the FTCA as evidence that Villeza intended his lawsuit to chill Castillo's public participation.  It is not clear why the decision to pursue a claim in state court (where Villeza originally

---

[5]Though the United States refers to Villeza's "claims" in its SLAPP argument, it discusses only his slander claim and not his IIED claim.  The anti-SLAPP statute requires the defendant to make a prima facie showing that the plaintiff's claim involves public participation and is a SLAPP lawsuit.  Because the United States only discusses Villeza's slander claim as a SLAPP suit, the court will address only the slander claim under Hawaii's anti-SLAPP law.

filed suit) rather than in an agency proceeding suggests an intent to chill. Furthermore, as discussed above, Villeza brought his slander claim against Castillo, not the United States. The court does not find that Villeza's failure to comply with a procedure that he argued did not apply to his case indicates an intent to chill.

Because the United States has not shown that Villeza's slander claim lacks substantial justification[6] or was interposed for delay or harassment, the court need not consider the issue of whether the claim was based solely on Castillo's public participation. The government simply has not made a prima facie case that Villeza brought a SLAPP suit.

## IV.  CONCLUSION

For the reasons stated herein, the court GRANTS the defendant's motion to dismiss both of Villeza's claims pursuant to Rule 12(b) and DENIES its motion to strike Villeza's slander claim under HRS § 634F. As this order disposes of all outstanding matters in this case, the clerk of the court is instructed to enter judgment in favor of the defendant and close the case file.

IT IS SO ORDERED.

---

[6] Though, as the court noted in the October 24, 2005 hearing, Villeza's slander claim appears thin, the United States did not argue that the claim was substantially unjustified because the facts alleged were insufficient to support a claim for slander. Its only argument was that Villeza should have known that the FTCA barred claims for slander against the United States.

DATED: Honolulu, Hawaii, January 5, 2006.



_____
J. Michael Seabright
United States District Judge

*Villeza v. United States*, Civ. No. 05-00043 JMS/BMK, Order Granting Defendant's Motion to Dismiss and Denying Defendant's Motion to Strike